**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| KENNETH IMHOTEP VAUGHN BEY,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br><br>MOSER LELAND V. & INEZE,<br><br>　　　　　　Defendant. | Case No. 2:21-cv-01840-JAD-VCF<br><br>**REPORT AND RECOMMENDATION**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1); COMPLAINT (ECF NO. 1-1) |

District courts have the authority to dismiss cases sua sponte without notice to the plaintiff when he "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).[1] A complaint should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially

---

[1] When a plaintiff seeks to proceed in forma pauperis, courts screen the complaint to ensure that a claim for relief has been stated. 28 U.S.C. § 1915(e). Since I recommend that the complaint be dismissed pursuant to the authority cited above, however, I do not address whether plaintiff qualifies to proceed in forma pauperis.

noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff Kenneth Imhotep Vaughn Bey's complaint, which he titled as an "Affidavit" from the "Moorish National Republic Federal Government" does not state a claim and cannot possibly state a claim here. His allegations consist of sovereign-citizen gibberish for which there is no cognizable cause of action. The complaint is properly characterized as frivolous and delusional. This is not the first finding of this nature for plaintiff. This Court has recently found other cases that plaintiff filed to be frivolous and delusional. See *Bey v. Zalmon*, 2:21-cv-01457-JAD-EJY, ECF Nos. 3 and 4 (report and recommendation adopted); 2:21-cv-01456-APG-DJA, ECF Nos. 3 and 4 (report and recommendation adopted); *Bey v. Williamson*, No. 2:21-cv-00627-RFB-EJY, ECF No. 9 (D. Nev. June 17, 2021) (report and recommendation pending). Plaintiff's behavior in this Court is boarding on vexatious.

Accordingly, considering the frivolous and delusional nature of plaintiff's complaint,

I RECOMMEND that this case be DISMISSED with prejudice.

I CAUTION plaintiff that continuing to file frivolous lawsuits may result in adverse consequences, including possible sanctions or a finding that he is a vexatious litigant.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file

objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 4th day of November 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE